J-S52040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| ROBERT M. PUGH | : | |
| | : | |
| Appellant | : | No. 1389 EDA 2020 |

Appeal from the PCRA Order Entered June 18, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000303-2010

BEFORE: PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: Filed: November 25, 2020

Appellant Robert M. Pugh appeals from the Order entered in the Court of Common Pleas of Monroe County on June 18, 2020, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.

In 2011, following a jury trial, Appellant was convicted of rape of an unconscious victim, rape of a substantially impaired person, sexual assault, unlawful contact with a minor (sexual offenses), aggravated indecent assault without consent, aggravated indecent assault (complainant is unconscious or unaware), aggravated indecent assault (person impairs complainant), and incest.[2]

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. §§ 3121(a)(3); 3121(a)(4); 3124.1; 6318(a)(1); 3125(a)(1); 3125(a)(4); 3125(a)(5); and 4302, respectively.

The victim was Appellant's thirteen-year-old sister who had been diagnosed with a sexually transmitted disease (STD) on January 21, 2010.[3] This diagnosis prompted the investigation that led to Appellant's eventual arrest and confession to drugging and raping his sister on multiple occasions, which he would later recant.

The trial court sentenced Appellant on December 19, 2011, to a term of 120 months to 240 months in prison, and Appellant timely appealed. In a memorandum decision, a panel of this Court affirmed the judgment of sentence. Appellant sought reargument *en banc,* which this Court granted. Following review, this Court again affirmed Appellant's judgment of sentence. ***Commonwealth v. Pugh***, 101 A.3d 820, 822 (Pa.Super. 2014) (*en banc*). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 17, 2015.

Appellant took no further action until October 23, 2017, at which time he filed a handwritten note wherein he asked the court what action he would need to take to obtain copies of records; several other notes/letters in this vein followed through July 13, 2018. On January 16, 2018, Appellant filed a motion to obtain his trial transcripts wherein he indicated he was in the process of filing an appeal with the Pennsylvania Supreme Court. Following

---

[3] This was Appellant's second trial on these charges; his first one ended in a mistrial.

additional correspondence, Appellant ultimately filed a PCRA petition, *pro se*, on October 17, 2018.

Counsel was appointed on December 3, 2018, and filed an Amended Petition for Relief Pursuant to the Post-Conviction Collateral Relief Act on July 1, 2019. Therein, Appellant presented allegations of trial counsel's ineffectiveness for failing to present a proper expert at trial to testify regarding STDs, the medical testing he received, and the proper manner in which the results thereof should be read. Appellant stated he could not have presented these issues until he received the trial transcripts and also baldly argued trial counsel had been ineffective for failing to challenge SORNA[4] as unconstitutional on appeal. In addition, on January 13, 2020, Appellant filed a Motion to Appoint Expert claiming an expert would be needed to review medical records in connection with his PCRA petition and requesting that funds be provided to him to hire Dr. W. Anthony Gerard.

On June 18, 2020, the PCRA court conducted a hearing on both Appellant's PCRA petition and his Motion to Appoint Expert. At the hearing, Appellant testified, and his counsel and the Commonwealth presented argument pertaining to the relevant medical issues at trial. Significantly, no reference to SORNA was made at the hearing. Thereafter, the PCRA court denied both of Appellant's pending motions and stated its reasons for doing

---

[4] Sexual Offenders Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.51-9799.75.

- 3 -

so on the record. The PCRA court entered an order denying Appellant's PCRA petition and dismissing his Motion as moot on June 18, 2020.

At the hearing, Appellant testified that he had the trial transcripts as early as August of 2015, but his trial counsel advised Appellant to send the documents to Appellant's home. N.T. PCRA Hearing, 6/18/20, at 12-13. Appellant explained that due to deaths in and the difficult "dynamics of his family," he was unsuccessful in obtaining them, though he tried multiple times. *Id*. at 13. He and his family also attempted to contact trial counsel, but could not do so. *Id*. at 14. Appellant then wrote letters to the clerk of courts and received his transcripts on June 7, 2018. *Id*. at 14-15. He noticed contradictions in the testimony of Commonwealth's medical expert and through research obtained information regarding the STD Trichomoniasis. *Id*. at 15.

The PCRA court noted that the transcripts had been filed of record on January 17, 2012, for the direct appeal, and Appellant acknowledged as much. *Id*. at 17-18. Also, on cross-examination, Appellant admitted he had been present during trial and heard live the testimony of Dr. Michael Bulette, one of the Commonwealth's witnesses. *Id*. at 21. The PCRA court further stressed that although Appellant testified that a family friend, Lisa Albanez, had provided him the medical information which formed the basis of his PCRA petition in 2018, his letters began in 2017, which actions contradicted his statements. *Id*. at 19, 22. Appellant also did not know if the information

existed previously or whether it was new, scientific information. *Id*. at 22. The Commonwealth stressed this issue was central to both trials, and that Appellant relied upon the testimony of a nurse and his own medial expert. *Id*. at 25.

Reiterating that Appellant had heard Dr. Bulette's testimony at trial, admitted he had possession of the trial transcripts before sending them to his home, and failed to establish that the documentation provided to him by Ms. Albanez was novel scientific information, the PCRA court found Appellant had failed to meet his burden to prove that an exception to the PCRA time-bar applied. *Id*. at 24-27.

On July 14, 2020, Appellant filed a timely notice of appeal. On July 16, 2020, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), within twenty-one days. Appellant complied and filed the same on July 23, 2020, raising three alleged errors. The trial court filed its Statement Pursuant to Pa.R.A.P. 1925(a) on July 29, 2020, and filed its Amended Statement Pursuant to Pa.R.A.P. on August 5, 2020.

In his brief, Appellant presents the following questions for this Court's review:

1. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING THE DEFENDANT'S PCRA PETITION WAS NOT TIMELY FILED?

2. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO GRANT DEFENDANT'S MOTION FOR APPOINTMENT OF EXPERT?

3. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO FIND PRIOR COUNSEL INEFFECTIVE FOR FAILING TO APPEAL THE UNCONSTITUTIONALITY OF MEGAN'S LAW?

Brief for Appellant at 4. The Commonwealth has not filed an appellate brief.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa.Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa.Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa.Super. 2013). Notwithstanding, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. ***See Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception). The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

As previously noted, Appellant's judgment of sentence was affirmed by this Court *en banc*, and his petition for allowance of appeal with the Pennsylvania Supreme Court was denied on June 17, 2015. As Appellant did

not seek a writ of *certiorari* from the United States Supreme Court, his judgment of sentence became final on September 17, 2015, when the filing period for a *certiorari* petition expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S. Sup.Ct. R. 13(1) (stating, "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review[ ]").

Therefore, Appellant had until September 17, 2016, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[ ]"). Thus, Appellant's *pro se* PCRA petition filed on October 17, 2018, and later amended by counsel, is patently untimely.

Appellant acknowledges the untimeliness of his petition but posits that it falls within numerous exceptions to the PCRA time bar. Specifically, he contends certain facts were previously unknown to him and could not have been ascertained with the exercise of due diligence and that the right asserted

is a new constitutional right held to apply retroactively. Brief for Appellant at 19.

The newly discovered fact exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (citation, internal quotation marks, and emphasis omitted). Here, as previously stated, the PCRA court found Appellant's assertion he could not obtain the scientific information upon which he relies earlier was without merit and belied by the record. Following our review, we agree with the PCRA court's finding that Appellant failed to meet his burden of proving the claimed newly-discovered facts were unavailable to him before October of 2018.

Appellant admittedly was present during trial and had the transcripts he states he could not procure until in 2018 in his possession during direct appeal several years prior. In addition, the record is devoid of evidence that the alleged science upon which he now relies was nonexistent either before he began writing letters to the court in 2017 or before he filed his PCRA petition.

As such, he has not shown that even if he did not have knowledge of this purported evidence until that time, he could not have procured it with the exercise of due diligence. It follows that the PCRA court properly determined

Appellant's motion for the appointment of expert to be moot. Thus, his first two issues merit no relief.

Next, Appellant baldy alleges the new constitutional right exception to the PCRA time bar applies to trial counsel's failure to file an appeal challenging the constitutionality of "SORNA/Megan's Law." However, despite his detailed discussion of the history of SORNA and caselaw pertaining thereto in his appellate brief, Appellant has failed to show he is entitled to relief on this claim.

As we stated previously, Appellant made no mention of this issue at the PCRA hearing. Moreover, while he framed this issue in terms of ineffective assistance of counsel in his PCA petition and in the questions presented portion of his appellate brief, he posits therein that the trial court erred in finding SORNA to be unconstitutional, although this issue was never argued before it either on direct appeal or in a timely-filed PCRA petition.

We recognize that that "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000). Indeed, this Court is hard pressed to discern how counsel may be deemed ineffective for failing to appeal the constitutionality of SORNA on the basis of caselaw that had not yet been decided at the time of Appellant's direct appeal. In addition, a panel of this Court has concluded that a PCRA petitioner cannot rely on ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (plurality) to

establish the newly recognized constitutional right timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(iii) until the Pennsylvania Supreme Court rules otherwise. ***See Commonwealth v. Murphy***, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018).

In light of the foregoing, Appellant's final claim does not satisfy that exception to the PCRA time bar. In conclusion, we agree with the determination of the PCRA court that Appellant's petition was not timely filed, and he failed to plead and prove any of the timeliness exceptions. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20